**USIE RAYMOND RICHARDS, as Senator of the Twenty-Fifth Legislature of the Virgin Islands, Plaintiff**
**v.**
**DAVID JONES, as Senator and President of the Twenty-Fifth Legislature of the Virgin Islands, LORRAINE L. BERRY, DOUGLAS E. CANTON, JR., LOUIS PATRICK HILL, NORMAN JN BAPTISTE, and ALMANDO LIBURD, as Senators of the Twenty-Fifth Legislature of the Virgin Islands and members of the Committee on Ethical Conduct, Defendants**

Civil No. 725/2004

Superior Court of the Virgin Islands

Division of St. Croix

October 20, 2005

JEFFREY B.C. MOORHEAD, Christiansted, St. Croix, United States Virgin Islands, Attorney for Plaintiff.

ARTURO WATLINGTON, JR., Charlotte Amalie, St. Thomas, United States Virgin Islands, Attorney for Defendants.

ROSS, *Judge*

## MEMORANDUM OPINION

(October 20, 2005)

THIS MATTER comes before the Court on Plaintiff's action for declaratory judgment, whereby Plaintiff requests that the Court enter judgment declaring that: (1) the letter of reprimand issued by Defendants regarding Plaintiff's alleged sexual harassment offenses, said letter being dated December 15, 2004, and its consequent imposition of punishment upon Plaintiff are null and void as violative of Section 6(g) of the Revised Organic Act of 1954 and (2) the Twenty-Fifth Legislature is without authority to impose punishment upon Plaintiff that exceeds the life of the Twenty-Fifth Legislature or otherwise punish Plaintiff after it adjourns.

## I. FACTUAL BACKGROUND

Defendants Lorraine L. Berry, Douglas E. Canton, Jr., Louis Patrick Hill, Norman Jn Baptiste and Almando Liburd, at all times relevant herein, acted in their official capacity as members of the Committee on Ethical Conduct ("Committee"), a subcommittee of the Twenty-Fifth Legislature of the Virgin Islands ("Legislature"). On November 23, 2004, the Committee met to consider allegations of sexual harassment by two female employees of the Legislature against Plaintiff. Based upon the totality of the circumstances surrounding the allegations of the complainants and evidence presented in support thereof, the Committee

issued a self-declared "Official Letter of Reprimand and Admonishment," said letter being dated December 14, 2004.

According to the subject reprimand letter, the Committee unanimously found that Plaintiff, on several occasions, created an intimidating, hostile or offensive working environment for the complainants in violation of the Legislature's anti-sexual harassment policy and Title VII of the Civil Rights Act of 1964. The subject reprimand letter rebuked Plaintiff for conduct the Legislature found to be illegal acts of sexual harassment and further advised Plaintiff that the Committee intended to place said letter in Plaintiff's Official Personnel File where it may remain for at least two years and not more than four years, depending upon Plaintiff's behavior and attitude.

Defendant David Jones, acting in his official capacity as President of the Legislature, executed the subject reprimand letter as "APPROVED". Thereafter, Defendant Jones adjourned the Legislature *sine die*. Prior to adjournment, Defendant Jones did not bring the matter of the subject reprimand letter or its underlying claims of sexual harassment before the Legislature for a resolution. Since the issuance and approval of the subject reprimand letter, the Legislature has not reconvened and is otherwise dissolved, as the Twenty-Sixth Legislature of the Virgin Islands commenced in January 2005.

## II. PROCEDURAL HISTORY

On December 30, 2004, Plaintiff filed an action for injunctive relief against Defendants. Plaintiff thereafter filed its initial Complaint dated January 3, 2005, seeking both declaratory judgment and injunctive relief. The Court held a hearing in this matter on January 5, 2005, during which time Plaintiff acknowledged failure of service to Defendants. During the *ex parte* hearing of January 5, 2005, Plaintiff moved to withdraw his motion for a temporary restraining order and amend his Complaint accordingly. The Court permitted Plaintiff to do so and further advised Plaintiff to serve all named Defendants within the time permitted by law. Plaintiff filed the subject First Amended Complaint dated January 18, 2005, seeking relief solely in the form of declaratory judgment, and Plaintiff served Defendants accordingly.

Defendants timely filed an Answer, essentially admitting the factual allegations of Plaintiff's First Amended Complaint. Plaintiff then moved for summary judgment on April 25, 2005. On or about May 26, 2005, the

Court issued a Memorandum Opinion denying summary judgment on the grounds that unresolved legal issues remained in this matter. At the July 21, 2005 trial in this case, the Court did not rule on the gravamen of the instant action, but took the matter under advisement and hereby submits the following legal analysis in consideration thereof.

### III. ANALYSIS

Section 6(g) of the ROA provides in pertinent part:

> The legislature shall be the sole judge of the elections and qualifications of its members, shall have and exercise all the authority and attributes, inherent in legislative assemblies ...

According to Plaintiff, Section 6(g) expressly vests the Legislature with the function of judging or disciplining its members. Plaintiff further argues that Section 6(g) refers to the full body of the Legislature, not any subgroup thereof. Plaintiff, therefore, contends that when the six members of the Committee issued the subject reprimand letter and Defendant Jones approved said letter, thereby imposing disciplinary action upon Plaintiff, Defendants did so without the adoption of a resolution from the full body of the Legislature as required by Section 6(g).

The Court has construed the aforementioned pertinent language of Section 6(g) to confer upon the Legislature broad powers to determine what *procedures* [or internal rules] to utilize in disciplining its members. (Emphasis added.) *See Bryan v. Liburd*, 35 V.I. 46, 55 (Super. Ct. 1996). It is uncontroverted that the Legislature adopted its internal rules in compliance with Section 6(g), and the Legislature's internal rules included procedures for disciplining members of the Legislature. Once those procedures or internal rules were adopted, said pertinent language of Section 6(g) became of no moment as to how the Legislature governed its day-to-day affairs, including disciplining its members. Thus, any violation that may have occurred in this matter constitutes a violation of the Legislature's internal rules, not a violation of Section 6(g).

Simply put, Section 6(g) governs the Legislature's adoption of its internal rules and it is the Legislature's internal rules, which govern how the Legislature disciplines its members. Understanding such, it becomes apparent that Plaintiff's contentions in this instance are flawed as Plaintiff confuses the internal rules adopted by the Legislature with

the statutory limitations of Section 6(g) of the Revised Organic Act. Not only are Plaintiff's contentions here flawed, they are non-justiciable as the Court will not scrutinize or interfere with the Legislature's conduct of its internal affairs absent some statutory or constitutional violation. *See Mapp v. Lawaetz*, 882 F.2d 49 (3d Cir. 1989). Furthermore, the Court will not scrutinize the Legislature's compliance with its internal rules and procedures. *See Brown v. Hansen*, 973 F.2d 1118, 27 V.I. 440 (3d Cir. 1992).

■ In addition to the issue taken under advisement at the trial of this matter and more fully elucidated above, Plaintiff's First Amended Complaint seeks judgment regarding the issue of whether the Twenty-Fifth Legislature has authority to impose punishment upon Plaintiff that exceeds the life of the Twenty-Fifth Legislature or otherwise punish Plaintiff after it adjourns. As the Court noted in the ex-parte hearing in this matter of January 5, 2005, under *Powell v. McCormack*, 395 U.S. 486, 89 S. Ct. 1944, 23 L. Ed. 2d 491 (1969), the Legislature has no authority to impose punishment that exceeds its life. Since the law on this issue has been firmly established for over thirty years, the Court declines to further elaborate in this regard.

## IV. CONCLUSION

The premises considered, the Court will grant in part Plaintiff's request for declaratory judgment and enter judgment declaring that the Twenty-Fifth Legislature is without authority to impose punishment upon Plaintiff that exceeds the life of the Twenty-Fifth Legislature or otherwise punish Plaintiff after it adjourns. The Court will otherwise deny Plaintiff's request for declaratory judgment.